### No. 1137.

### E. J. SMITH vs. W. W. JOHNSON.

In the country, an appellant on application will be allowed time to complete the clerk's certificate, where the motion to dismiss is taken on the day on which the case is called for trial and three judicial days from the return day have not elapsed, and this though the cause may be submitted, the appellant not being strictly at fault.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode,* J.

---

*D. Caffery* for Plaintiff and Appellee.
*Foster & Suthon* and *A. L. Tucker* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The appellee moves to dismiss the appeal on two grounds:

First. That the citation of appeal and the return upon it are defective; second, that the clerk's certificate shows the incompleteness of the transcript.

---

*Absent during this term on account of illness.

The appeal was made returnable here on the first Monday of July instant. The case was called to be argued on the following day. The motion to dismiss, filed that day, was then called to the attention of the Court, and the case was argued and submitted. On the same day, after submission, the appellant having taken cognizance of the grounds of the motion, made affidavit of discovery of the irregularities in the citation and return and of deficiency in the clerk's certificate only since the filing of the motion to dismiss, and prayed for time to have proper corrections made.

The appellee had a right to make the motion to dismiss when he did; but the appellant had an equal right to apply for time to make the corrections necessary to maintain his appeal.

The fact that the motion to dismiss and that for time were both made within the delay within which the transcript was to be filed, gives the appellant a just claim for relief which he might not have enjoyed had the case originated in the city—where motions to dismiss are required to be posted for at least one week to afford the appellant an opportunity to seek relief in proper cases.

In the country, motions to dismiss are filed and the case is taken up and both argued and tried together, sometimes without any notice of the motion to dismiss to appellants, who, as a rule, by arguing the case should not be considered as waiving material rights which they would not be entitled to had they been notified of the motion to dismiss and of the grounds upon which it rests.

The mover does not allege that the transcript does not contain *all the evidence adduced*, though he charges that the certificate is silent on the subject.

In the absence of an explicit certificate to that effect establishing the fullness of the transcript, we cannot proceed to an investigation of the merits of the cause.

Under the exceptional circumstances of this case in its present phase we think that, in furtherance of the ends of justice, the appellant should be allowed time to perfect the clerk's certificate, if, indeed, the transcript does contain all the evidence adduced.

This is not the first instance in which analogous relief was allowed after submission of a cause. 15 Ann. 717; XI Ann. 604.

It is therefore ordered that the appellant be allowed until the next term of the court at this place to make the corrections specified; and, in the meantime, the motion to dismiss remains in suspense.